[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16306
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-00106-JEC-AJB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OWEN HINKSON,
a.k.a. Paul Baxter,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(February 24, 2014)

Before TJOFLAT, HULL and JORDAN, Circuit Judges.

PER CURIAM:

After pleading guilty, Defendant Owen Hinkson appeals his 48-month sentence for reentry of a removed alien, in violation of 8 U.S.C. § 1326(a) and (b)(2).  On appeal, Hinkson argues that the district court erred in accepting an erroneous presentence investigation report ("PSI").

As to Defendant Hinkson's criminal history, the PSI listed a 1984 felony drug trafficking conviction in Boston, Massachusetts and recommended an eight-level enhancement under U.S.S.G. § 2L1.2(b)(1)(B) based on this conviction.  See U.S.S.G. § 2L1.2(b)(1)(B) (providing for an eight-level increase if the defendant was previously deported after being convicted of a felony drug trafficking offense for which the sentence was 13 months or less and the conviction did not receive criminal history points).  The PSI did not assign any criminal history points for the 1984 Boston conviction.

Defendant Hinkson submitted to the sentencing court a certified copy of the Boston Municipal Court's docket sheet containing handwritten entries.  According to Hinkson, the docket sheet showed that in 1994, the Boston felony conviction was reduced to simple possession, a misdemeanor.  On appeal, Hinkson argues that the district court was required to give "full faith and credit" to the Boston Municipal Court's final disposition and to reject the PSI's characterization of his Boston conviction as a felony.

2

The problem for Hinkson is that in both the district court and this Court, he conceded that his 1984 Boston conviction did not affect his sentence. Specifically, Hinkson did not receive any criminal history points for the 1984 Boston conviction, whether it was a felony or a misdemeanor. And, the parties agree that, even absent Hinkson's Boston conviction, he still qualified for the eight-level enhancement because his prior 1999 conviction in Texas for illegal reentry in violation of 8 U.S.C. § 1326 was an aggravated felony. See U.S.S.G. § 2L1.2(b)(1)(C) & cmt. n.3(A) (providing for an eight-level increase if the defendant was previously deported after being convicted of an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)); see also 8 U.S.C. § 1101(a)(43)(O) (listing as an "aggravated felony" an "offense described in" 8 U.S.C. § 1326 "committed by an alien who was previously deported on the basis of a conviction for an offense described in another subparagraph of this paragraph").[1] Indeed, the district court stressed that whether Hinkson's 1984 Boston conviction was a felony or a

---

[1]In 1988, Hinkson was convicted in Massachusetts of assault and battery on a police officer. Hinkson served a one-year prison sentence, after which he was deported to Jamaica. Hinkson subsequently was deported from the United States four more times (in 1991, 1995, 1996 and 2006) and was convicted of illegal reentry three times (in 1990, 1995 and 1999).

Hinkson's last illegal reentry conviction occurred in the Eastern District of Texas in 1999. At that time, Hinkson was sentenced as an aggravated felon under 8 U.S.C. § 1326(b)(2) because he had reentered the United States after having been convicted of a crime of violence (his 1988 assault and battery offense) and deported. In this case, at both his sentencing and in his appeal brief to this Court, Hinkson conceded that his 1999 illegal reentry conviction is an aggravated felony under U.S.S.G. § 2L1.2.

misdemeanor did not matter because his Texas illegal reentry conviction supported the eight-level enhancement.

Accordingly, any alleged error in accepting the PSI's characterization of the Boston conviction as a felony was harmless and would not warrant a remand. See Williams v. United States, 503 U.S. 193, 203, 112 S. Ct. 1112, 1120-21 (1992) (explaining that remand based on a misapplication of the Sentencing Guidelines is not required where the reviewing court concludes, based on the record as a whole, "that the error did not affect the district court's selection of the sentence imposed"). Thus, we affirm Hinkson's 48-month sentence.

**AFFIRMED.**